CORPORATE NAME — ENGINEERING TERM
The use of engineering terms in the purpose clauses of incorporation, by itself, does not constitute an offer to practice engineering for others, requiring registration under Title 59 O.S. 475 [59-475] (1970). The Attorney General has considered your request for an opinion on the following question raised in your letter of November 15, 1971: "Does the use of engineering terms in the purpose clauses of a corporation, by itself, constitute an offer to practice engineering for others requiring registration under Title 59 O.S. 475 [59-475] (1970)?" Title 59 O.S. 475.2 [59-475.2] (1971) defines "practice of engineering' as follows: "The practice of professional engineering within the meaning and intent of this Act includes any professional engineering service, such as consultation, investigation, evaluation, planning design, or responsible supervision of construction or operation in connection with any public or private utilities, structures, buildings, machines, equipment, processes, works, or projects, wherein the public welfare, or the safe-guarding of life, health or property is concerned or involved, when such professional engineering service requires the application of engineering principles and data, . . ." "(3) The term 'Practice of Engineering' within the intent of this Act shall mean any service or creative work, the adequate performance of which requires engineering education, training, and experience in the application of special knowledge of the mathematical, physical, and engineering sciences to such services or creative work as consultation, investigation, evaluation, planning and design of engineering works and systems, engineering teaching of advanced engineering subjects or courses related thereto, engineering surveys and the inspection of construction for the purposes of assuring compliance with drawings and specifications, in connection with any utilities, structures, buildings, machines, equipment, processes, work systems, or projects and including such architectural work as is incidental to the practice of engineering. "A person shall be construed to practice or offer to practice engineering within the meaning and intent of this Act, who practices any branch of the profession of engineering; or who, by verbal claim, sign, advertisement, letterhead, card, or in any other way represents himself to be an engineer, or through the use of some other title implies that he is an engineer . . ." Section 59 O.S. 475.20 [59-475.20] states in part: "Any person who shall practice, or offer to practice, engineering for others in a state without being registered . . . or any person, firm, partnership, organization, association, corporation, or other entity using or employing the word 'engineer' or 'engineering' or modification or derivative thereof in its name or form of business or activity . . . shall be guilty of a misdemeanor . . ." The above statutes, taken together, and taken with the rest of the Act, indicate that the legislative intent is to control the practice of engineering in such a way that the general public will not be harmed. In other words, the purpose of the Act is to prevent those who are not qualified from holding themselves out to the public as being in business of offering engineering services. The key issue, then, would be whether or not a corporation that lists in the Articles of Incorporation, among its purposes, the word "engineer" or a derivative of that word, is holding itself out to the public as offering engineering services. There is no dispute that a person or corporation that advertises by signs and billboards, through the yellow pages in the telephone directory, or in any other customary manner that it is an "engineering" company is holding itself out to the public as offering engineering services. These are ways of advertising that the general public can readily observe. However, when a corporation lists in its Articles of Incorporation, among its purposes, the word "engineering" or a derivative thereof, this is something that the public usually does not know of or is aware of under normal circumstances. It is true that the public has access to this information in the Office of the Secretary of State, but as a practical matter, very few persons would have any interest or inclination to know what a corporation lists in its Articles of Incorporation as its purposes. Holding out to the public in an open and obvious way that a corporation is offering engineering services would not include merely having the word "engineering" in the Articles of Incorporation which are filed with the Secretary of State, and which few members of the general public would ever have occasion to see. Many corporations file Articles of Incorporation that include many purposes, including some they probably do not intend to pursue. The reason for this is to avoid the expense and inconvenience of having to amend the Articles of Incorporation at a later date in the event the corporation decides to broaden its activities. In the event a corporation begins to actually practice engineering, or holds itself out to the public in an obvious manner that it is an engineering company, then it would be subject to the Act; but merely inserting into its Articles of Incorporation the word "engineering", which the general public is not aware of nor will ever be aware of, is not sufficient to find that the corporation is holding itself out to the public as offering engineering services. Another factor to consider is whether listing the word "engineering" in the Articles of Incorporation is actually practicing engineering or is merely making preliminary preparations to practice engineering in the future. The case of City of Bessemer v. Dickens, Ala.,43 So. 21 (1907), touches upon this point. In this case, a person was accused of engaging in or carrying on a business which a license was required. The Court held in that case that: "Mere preparation to engage in or carry on a business in violation of an ordinance was not sufficient to warrant a conviction for engaging in or carrying on a business to do which a license was required, in the absence of a showing that a sale was made." Assuming that a corporation actually intended to practice engineering, it could be argued that from this case that making preliminary legal preparations to practice engineering, by filing Articles of Incorporation, is not actually practicing engineering until some overt act, as listed in the statutes, is done. It is therefore, the opinion of the Attorney General that your question be answered in the negative in that the use of engineering terms in the purpose clauses of incorporation, by itself, does not constitute an offer to practice engineering for others, requiring registration under Title 59 O.S. 475 [59-475] (1970). (Todd Markum)